A05A2275, A05A2276. McCASTLE v. THE STATE (two cases).
(622 SE2d 896)

JOHNSON, Presiding Judge.

Michelle and Shomari McCastle, who are married, were tried before a jury and convicted of four counts of cruelty to children, based on their alleged abuse of their minor child. They have filed separate appeals from their convictions,[1] but they both assert error in the trial court's denial of their *Batson*[2] motion. Because the appeals arise from the same trial and raise the same issue, we consider them together and conclude that the trial court did err in denying the *Batson* motion.

---

* *Head v. State*, 256 Ga. App. at 628 (2), citing *Fugitt v. State*, 251 Ga. 451, 452-453 (1) (307 SE2d 471) (1983).

[1] Michelle McCastle appeals in Case No. A05A2275 and Shomari McCastle appeals in Case No. A05A2276.

[2] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

1. Under *Batson*, a prosecutor may not strike a juror solely because of his race or on the basis of an assumption which arises solely from the juror's race.[3] An evaluation of a *Batson* challenge involves three steps: (1) the party challenging a peremptory strike must make a prima facie showing of racial discrimination; (2) the party that struck the juror must then provide a race-neutral explanation for the strike; and (3) the court must then decide if the party challenging the strike has proven discriminatory intent.[4] On appeal, a trial court's findings are entitled to great deference and will be affirmed unless clearly erroneous.[5]

In the instant case, Michelle McCastle, who is white, and Shomari McCastle, who is black, raised their *Batson* challenge after the prosecutor struck the only two African-American members of the jury pool. The trial court found that there was a prima facie case of racial discrimination and asked the prosecutor to explain the two strikes.

The prosecutor first explained why she struck juror Frederick Douglas. "Mr. Douglas has a son in an interracial marriage. His son is black, as is he. And the defendant in this case is in an interracial marriage. I feel that that might make him have a particular empathy or sympathy for this defense couple, and that is why I struck him."

She then explained that her main reason for striking juror Karlton Richardson was that he was not married and had no children. She further claimed that she struck him because he did not have significant ties to the community and because of his education level. The trial judge found that the prosecutor's explanations for striking both jurors were race-neutral and he denied the McCastles' *Batson* challenge.

As to juror Richardson, the trial court's denial of the *Batson* motion is not clearly erroneous. This court has previously upheld the denial of a *Batson* challenge where a juror was struck on the basis of being unmarried and childless.[6] And the Supreme Court has found no error in the denial of a *Batson* motion where a juror was struck due to lack of education.[7]

However, as to juror Douglas, the trial court clearly erred in finding that the prosecutor's explanation for striking him was race-neutral. On the contrary, the prosecutor's explanation was, on its face, based on the race of the juror. As the prosecutor plainly stated in her explanation for the strike, Douglas is black, his son is black, and his son is in an interracial marriage. Frankly, we are hard-pressed to

[3] *Brown v. State*, 256 Ga. App. 209 (1) (568 SE2d 62) (2002).
[4] Id.
[5] Id.
[6] *Bess v. State*, 187 Ga. App. 185, 187-188 (1) (369 SE2d 784) (1988).
[7] *Johnson v. State*, 266 Ga. 775, 776-777 (4) (470 SE2d 637) (1996).

understand how the trial judge could have concluded that this explanation was racially neutral.

"A neutral explanation means an explanation based on something other than the race of the juror."[8] Here, the prosecutor's explanation for striking Douglas was not based on something other than his race. Rather, it was plainly premised on Douglas' race, his son's race, the race of his son's wife, as well as the respective races of the McCastles. "We need look no further than the prosecutor's own explanation to determine that a discriminatory purpose was involved in her decision."[9]

Because the prosecutor did not satisfy the second step of the *Batson* analysis — that of providing a race-neutral explanation which rebuts the McCastles' prima facie showing of racial discrimination — it follows that the trial court clearly erred in ruling that the McCastles had not shown discriminatory intent and in overruling their *Batson* challenge.[10] Accordingly, we reverse the McCastles' convictions and remand the cases for a new trial.

2. Due to our holding in Division 1, we need not address Michelle McCastle's second enumeration of error claiming a conflict of interest caused by she and her husband having had the same trial attorney.

*Judgments reversed and cases remanded in Case Nos. A05A2275 and A05A2276. Ruffin, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 3, 2005.

*Mitchell D. Durham*, for appellant (case no. A05A2275).
*Frederick M. Scherma*, for appellant (case no. A05A2276).
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.

---

[8] (Citation and punctuation omitted.) *Flanagan v. State*, 265 Ga. App. 122, 123 (1) (592 SE2d 894) (2004).

[9] (Citations and punctuation omitted.) *Brown*, supra at 210 (1).

